IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | Criminal No. 2019-47 |
| STEPHANIE BARNES, ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendant Stephanie Barnes' motion for a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. [ECF 133]. The government opposes the motion. [ECF 154].

**I.    BACKGROUND**

On November 21, 2019, a Grand Jury sitting in the District of the Virgin Islands returned a multiple-count superseding indictment against Barnes. She is charged in the following six counts:

| | |
|---|---|
| Count V: | Conspiracy to Commit Theft from Programs Receiving Government Funds (18 U.S.C. § 371) |
| Count XXI: | Money Laundering (18 U.S.C. § 1956 and § 2) |
| Count XXIII: | Receipt of Government Property (14 V.I.C. § 895) |
| Count XXV: | Fraudulent Claims Upon the Government (14 V.I.C. § 843) |
| Count XXX: | Filing False Tax Return (33 V.I.C. § 1525(1)) |
| Count XXXI: | Failure to File Tax Return (33 V.I.C. § 1524) |

Superseding Indictment [ECF 102]. The case is set for trial on March 30, 2020.

## II. LEGAL STANDARDS

Rule 7 of the Federal Rules of Criminal Procedure states, in pertinent part, as follows:

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. . . . A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.

Fed. R. Cr. P. 7(c).[1] Under subsection (f) of the rule, a court may direct the government to file a bill of particulars "to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005) (quotation marks omitted). When an indictment "fails to perform these functions, and thereby significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial," a court generally will find that a bill of particulars should be issued. *Id*. at 771-72 (quotation marks omitted); *United States v. Jones*, 447 F. App'x 319, 323 (3d Cir. 2011) ("[A] bill of particulars is only required if an indictment fails to perform these functions in the first place."); *United States v. Eufrasio*, 935 F.2d 553, 575 (3d Cir. 1991) (noting that an indictment is sufficient and obviates the need for a bill of particulars when "it substantially follows the language of the criminal statute, provided that its generality does not

---

[1] Like an indictment, a bill of particulars "is designed to define and limit the government's case." *N. Jersey Media Grp. Inc. v. United States*, 836 F.3d 421, 431 (3d Cir. 2016) (quotation marks omitted). Thus, "[a]s with the indictment, there can be no variance between the notice given in a bill of particulars and the evidence at trial." *Id.*

prejudice a defendant in preparing his defense nor endanger his constitutional guarantee against double jeopardy").

However, a bill of particulars "is not intended to provide the defendant with the fruits of the government's investigation," *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985), and defendant "is entitled neither to a wholesale discovery of the Government's evidence, nor to a list of the Government's prospective witnesses," *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971) (citation omitted). *Accord United States v. Maletteri*, 35 F.R.D. 225, 226 (E.D. Pa. 1964) ("The indictment need not be a complete summary of all of the evidence which the government intends to use to sustain the averments of the indictment."). Rather, unlike discovery, a bill of particulars is intended to give the defendant only "that minimum amount of information necessary to permit the defendant to conduct his *own* investigation." *Smith*, 776 F.2d at 1111 (emphasis in original). Further, when the government supplements a charging document with substantial discovery, a defendant's claim for a bill of particulars is "further weaken[ed]." *Urban*, 404 F.3d at 772 (explaining that there is less need for a bill of particulars in cases where the government provides substantial discovery).

Ultimately, "the granting of a bill of particulars remains a discretionary matter with the trial court, and it is still obviously a matter of degree how far an accused must be advised in advance of the details of the evidence that will be produced against him, and no definite rules are possible." *Addonizio*, 451 F.2d at 64 (quotation marks omitted); *accord United States v. Moyer*, 674 F.3d 192, 203 (3d Cir. 2012) ("The decision to grant a motion for a bill of particulars is a discretionary matter with the trial court, and a denial of such a motion does not amount to an abuse of discretion unless the deprivation of the information sought leads to the defendant's inability to

adequately prepare his case, to avoid surprise at trial, or to avoid the later risk of double jeopardy.") (quotation marks omitted).

### III. DISCUSSION

Barnes requests a bill of particulars for four of the six counts in which she is charged in the superseding indictment.[2] Each will be considered in turn.

A. <u>Conspiracy to Commit Theft from Programs Receiving Government Funds (Count V)</u>

As to this count, Barnes seeks:

    (1)    The exact language, word, or words allegedly used by Defendant Barnes which indicated, or tended to indicate, that she willfully and knowingly agreed to commit the crimes charged in the superseding Indictment;

    (2)    The dates upon which the defendants allegedly committed the charged offenses;

    (3)    The places (cities, states, territories, countries, street address) where the defendants allegedly committed the crimes charged;

    (4)    The names and addresses of person or persons present or listening when the defendant allegedly committed the crimes charged;

    (5)    With regard to the conspiracy allegations, the following: (a) The number of conspiracies and/or sub-conspiracies in which Stephanie Barnes is alleged to have participated; (b) The purpose of each of the conspiracies so alleged; (c) What other acts the conspirators committed; (d) Which conspirators participated in each such act; (e) What the purpose of the act was; (f) Where the act was committed; (g) The date the act was committed; (h) The names and addresses of the witnesses present when the act was committed;

---

[2] Although Barnes states that she seeks a bill of particulars as to all six counts in which she is charged, her motion addresses only four of those counts.

      (6)      The nature of the act, and the date, time, and place of said act, by which Stephanie Barnes first manifested that she was part of the alleged conspiracy. In other words, what is the first act Stephanie Barnes is accused of committing in furtherance of the alleged conspiracy?

      (7)      The time, date, and place of the last act Stephanie Barnes is charged with having committed in furtherance of the conspiracy;

      (8)      Whether the Government is charging Stephanie Barnes with aiding and abetting in the commission of a crime, and if so, what specific crime or crimes, and by what specific actions; and,

      (9)      The names of un-indicted, but identified, alleged co-conspirators of Stephanie Barnes, including those whose names may have become known since the return of the Indictment, or the names of those other persons whom the Government deleted or omitted from the Indictment in this case.

[ECF 133] at 1-3.

    1.    <u>Conspiracy Details</u>

Barnes seeks additional details of the conspiracy, to include dates, times, and places, and even a demand for the exact language used. However, Barnes' request for the specific parameters of the conspiracy is tantamount to a request for wholesale discovery of the government's evidence, which is not a proper purpose for a bill of particulars. *See United States v. Cheatham*, 500 F. Supp. 2d 528, 533 (W.D. Pa. 2007) (stating a defendant charged with conspiracy cannot use a bill of particulars to "obtain the exact date he entered into the conspiracy" or "the time and place of the commencement of [the] conspiracy") (quotation marks omitted); *accord United States v. Haddow*, 2013 WL 2099698, at *2 (D.V.I. May 14, 2013). Further, "there is no requirement in conspiracy cases that the government disclose even all the overt acts in furtherance of the conspiracy." *United States v. Brooks*, 1989 WL 126187, at *1 (E.D. Pa. Oct. 23, 1989) (quotation marks omitted). In

other words, the government is not obliged to provide Barnes with the details of each conspiracy or sub-conspiracy, such as which overt acts were her first and last acts or the exact language used to communicate her intent to commit the charged offenses.

Nevertheless, the government provided defendant with 20,000 pages of discovery, "*including witness statements and recorded interviews*." [ECF 154] at 3 (emphasis in original). Further, the government provided defendant with a detailed index of that discovery. *Id.* The index, which was attached to the government's opposition, references folders captioned, *inter alia*, "Casino Commission credit card expenses that appear to be personal," "Cost-U-Less Invoices," "Hotel Invoices," "Payments made by casino comm to business owned by S. Barnes," "Tax Returns," "Travel for non-casino commission employees," "Unsupported Employee Payents," "Banco Popular," and "Interviews." *Id.* at [ECF 154-1]. Given this extensive production, Barnes is not entitled to a bill of particulars as to the details sought.

2. <u>Witness Names and Addresses</u>

Barnes seeks the names and address of individuals who may have seen or heard her committing the charged offenses. However, such a request does not comport with the purpose of a bill of particulars; simply put, a bill of particulars may not be used as "a general investigative tool for the defense or a device to compel pretrial disclosure of the government's evidence." *United States v. Lacerda*, 2013 WL 3177814, at *14 (D.N.J. June 19, 2013) (quotation marks omitted); *accord Smith*, 776 F.2d at 1111 (noting that a bill of particulars should not be used to obtain discovery).

3. <u>Names of Un-indicted Co-conspirators</u>

Barnes seeks to learn the identities of any un-indicted co-conspirators. However, "[t]he disclosure of the identity of co-conspirators may be allowed by a court after determining that such

identity is necessary to the defendant's preparation for trial." *United States v. DeGrasse*, 2003 WL 23277264, at *1 (D.V.I. Apr. 25, 2003) (collecting cases). "In determining whether to order disclosure of co-conspirators' identities, there are three interests at play: Defendant's interest in adequately preparing a defense and avoiding unfair surprise at trial, the Government's interest in adequately preparing its case for trial, and the privacy interests of the alleged co-conspirators." *United States v. Nestor*, 2010 WL 3191888, at *5 (M.D. Pa. Aug. 11, 2010).

Here, due to the government's production of discovery materials—including multiple interview transcripts—and given that Barnes has not made any proffer regarding her inability to adequately prepare for trial, the Court will not order the disclosure of the names of any un-indicted co-conspirators. *See United States v. Kemp*, 2004 WL 2757867, at *8 (E.D. Pa. Dec. 2, 2004) ("Courts are especially reluctant to direct the filing of a bill of particulars when the government has provided the defendant with extensive pre-trial discovery.") (collecting cases); *see also United States v. Page*, 575 F. App'x 641, 643 (6th Cir. 2014) (affirming the trial court's denial of defendant's motion for a bill of particulars, *inter alia*, because defendant "received ample discovery from which he could have discerned the possible identities of his co-conspirators").

In sum, the superseding indictment sufficiently informs defendant of the nature of the conspiracy charges. Accordingly, the Court finds that a bill of particulars as to Count Five is not warranted.

B. <u>Money Laundering (Count XXI)</u>

As to this count, Barnes seeks:

(1) Whether Dr. Barnes is charged with actual money laundering or aiding and abetting;

(2) The specific proceeds referred allegedly involved [sic];

  (3)  The specific unlawful activity involved that violated Ti[t]le 18 U.S.C., Section 666; and,

  (4)  If Dr. Barnes is charged with aiding and abetting, the specific acts allegedly taken by her establishing that she aided and abetted as charged, including the date, time and place of such acts that constitute aiding and abetting.

[ECF 133] at 3.

  The superseding indictment charges Barnes with money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (2). Superseding Indictment [ECF 102] ¶ 50. Specifically, Barnes is charged with "making a down payment for the purchase of a vehicle, which involved the proceeds of . . . unlawful activity" on or about March 7, 2016. *Id.* Thus, the offense charged is clearly stated. Further, the numerous bank records identified by the government during discovery provide Barnes with additional information regarding her alleged involvement in money laundering activities. *See United States v. Parlavecchio*, 903 F. Supp. 788, 796 (D.N.J. 1995) ("To require the government to trace the proceeds of specific [] funds through [the bank] to the individual defendants would sharply contravene the purpose and intended scope of bills of particulars."); *United States v. Belkin*, 1993 WL 505652, at *5 (E.D. Pa. Dec. 8, 1993) (finding the money laundering charge sufficiently detailed because the indictment identified the deposit dates and the check amounts). Therefore, a bill of particulars as to Count Twenty-One is not warranted.

C.  <u>Receipt of Government Property (Count XXIII)</u>

  As to this count, Barnes seeks:

  (1)  What money is involved, and the amount of the same;

  (2)  What things of value of more than $1,000 are involved, and the value of the same;

  (3)  The dates upon which the alleged money was allegedly received, concealed and retained; and,

    (4)  The dates upon which the alleged things of value of more than $1,000 were allegedly received, concealed and retained.

[ECF 133] at 4.

  The superseding indictment charges Barnes with receipt of government property in violation of 14 V.I.C. § 895(b). Superseding Indictment [ECF 102] ¶ 52. Specifically, she is charged with receiving, from 2015 to 2018, "money and things of value of more than $1,000 of the Virgin Islands and a department and agency thereof," knowing them to be stolen. *Id.* Thus, the superseding indictment identifies the statute Barnes is alleged to have violated and provides a concise statement of the facts constituting the offense. Further, the discovery provided by the government identifies—by date and amount—the numerous occasions on which V.I. government property was allegedly converted. Therefore, the Court finds that a bill of particulars as to Count Twenty-Two is not warranted. *See United States v. Cox*, 664 F.2d 257, 258-59 (11th Cir. 1981) (holding that the indictment's conversion of government property charge was sufficient because it identified the value of the converted property and also because the property was described elsewhere in the indictment and appellant was given a detailed list of the converted property).

D. <u>Fraudulent Claims Upon the Government (Count XXV)</u>

  As to this count, Barnes seeks:

    (1)  Which subsection of the statute the Government has charged;

    (2)  The invoice numbers of the allegedly false and falsely-dated invoices;

    (3)  The dates of the allegedly false and falsely-dated invoices provided; and,

        (4)       The person or entity to which the allegedly false and false-dated invoices were provided.

[ECF 133] at 4.

The superseding indictment charges Barnes with fraudulent claims upon the government, in violation of 14 V.I.C. § 843. Superseding Indictment [ECF 102] ¶ 54. Specifically, Barnes is charged with providing, on February 27, 2017, "false and falsely-dated invoices for work purportedly performed by [her] on behalf of the Virgin Islands Casino Control Commission." *Id.* Thus, the superseding indictment cites the statute Barnes allegedly violated and provides her with the essential facts constituting the charged offense. Further, the discovery given Barnes by the government supplements the facts in the superseding indictment. *See*, *e.g.*, [ECF 154-1] at 1 (referencing sixteen documents described as "Barnes' Contracts and Support for Being Back-dated" and three documents described as "Barnes' Invoices, Sign-In Sheets & Payments"). Thus, a bill of particulars is not warranted as to Count Twenty-Five.

With respect to Counts Thirty and Thirty-One, Barnes does not state what she seeks by way of a bill of particulars. Nevertheless, the Court has reviewed those counts and finds that a bill of particulars as to them is not required.

## IV. CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED that defendant's motions for a bill of particulars [ECF 133] is DENIED.

**Dated:** January 22, 2020         S\_____
        **RUTH MILLER**
        United States Magistrate Judge