# DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**STEPHANIE BARNES,** )<br>)<br>**Defendants.** )<br>) | Case No. 3:19-cr-0047 |

**ATTORNEYS:**

**Gretchen C.F. Shappert, United States Attorney**
**Nathan Brooks, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
    *For the United States of America,*

**Martial A. Webster, Esq.**
Law Offices of Martial A. Webster, Sr.
St. Croix, U.S.V.I.
    *For Defendant Stephanie Barnes.*

## MEMORANDUM OPINION

**MOLLOY, District Judge.**

    **BEFORE THE COURT** is the Defendant Stephanie Barnes' ("Barnes") motion for change of vicinage and transfer of proceedings to St. Croix, filed February 20, 2020. ECF No. 198), as well as her supplemental motion for change of vicinage, filed January 12, 2021 (ECF No. 265.) The United States ("Government") opposed Barnes' motions. For the reasons set forth below, Barnes' motion will be granted, and the trial for this matter will be held in this Court's St. Croix Division.

*U.S. v. Barnes, et al.*
Case No. 3:19-cr-0047
Memorandum Opinion
Page 2

## I. BACKGROUND

On July 11, 2019, Barnes was originally charged in a twenty-six count indictment along with codefendant Violet Anne Golden ("Golden"). ECF No. 1. On November 21, 2019, the Government filed a thirty-one count superseding indictment. ECF No. 102. Golden changed her plea to guilty on January 14, 2020, and was sentenced on August 13, 2020, leaving Barnes as the sole remaining defendant in this case.

Of the thirty-one count superseding indictment, only Counts 5, 21, 23, 25, 30, and 31 pertain to Barnes, alleging Conspiracy to Commit Theft from Programs Receiving Government Funds (18 U.S.C. § 371), Money Laundering (18 U.S.C. § 1956), Receipt of Government Property (14 V.I.C. § 895), Fraudulent Claims Upon the Government (14 V.I.C. § 843), Filing a False Tax Return (33 V.I.C. § 1525(1)), and Failure to File Tax Return (33 V.I.C. § 1524), respectively.

Barnes filed her initial motion for change of vicinage and transfer of proceedings to St. Croix on February 20, 2020. ECF No. 198. The Court issued an Order on December 21, 2020, permitting Barnes to supplement her motion, which she did on January 18, 2021. (ECF No. 264). The Government opposed Barnes' original motion on March 5, 2020 (ECF No. 203,) as well as Barnes' supplemental motion on January 29, 2021 (ECF No. 272.)

## II. DISCUSSION

A defendant has a constitutional right to be tried in the district where his or her crimes were committed. U.S. Const. amend. VI. A defendant, however, does not have a constitutional right to be tried in a particular division within a district. In determining

*U.S. v. Barnes, et al.*
Case No. 3:19-cr-0047
Memorandum Opinion
Page 3

whether to transfer a case within a district, the Court must weigh the factors delineated in Rule 18 of the Federal Rules of Criminal Procedure. This rule states:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

Fed. R. Crim. P. 18.[1] "A party seeking a transfer bears the burden of showing that a transfer is appropriate." *United States v. Chitolie*, Crim. Nos. 1:09-cr-0026; 3:10-cr-0020, 2010 U.S Dist. LEXIS 56646, at *10 (D.V.I. June 8, 2010) (citing *In re United States*, 273 F.3d 380, 387 (3d Cir. 2001)). "While the burden is on the defendant, the defendant is not required to show truly compelling circumstances for change of venue, but rather that all relevant things considered, the case would be better off transferred to another district." *Chitolie*, 2010 U.S. Dist. LEXIS 56646, at *10-11 (D.V.I. June 8, 2010) (quoting *In re Balsimo*, 68 F.3d 185, 187 (7th Cir. 1995)).[2] In making this determination, the Court is required to give "due regard" to the Rule 18 factors, and is "not authorized to fix the place of trial on the basis of other considerations to the exclusion of these." *Government of the Virgin Islands v. Scatliffe*, 580 F.

---

[1] The Government argues that, in the alternative to the factors listed in Rule 18, that some Courts weigh the ten factors applied to motions made under Fed. R. Civ. P. 21, as articulated in *Platt v. Minnesota Mining & Mfg. Co.*, 376 U.S. 240 (1964). ECF No. 203, at 4. In support, the Government cites, 'for example,' one Western District of Pennsylvania case. *Id.* However, the Court finds that the Third Circuit is clear on this matter, requiring district Courts to weigh the Rule 18 factors in a motion made under Rule 18, and not the Rule 21 factors described in *Platt*. *Cf., infra, Addonizio*, 451 F.2d at 61-62. Therefore, the Court will proceed under this correct standard.

[2] The Government asserts that "the defendant has not met her burden of making a *strong* showing of prejudice." ECF No. 272, at 1. The case cited in support of this repeated premise is *United States v. Duncan*, 919 F.2d 981 (5th Cir. 1990), and a Western District of Pennsylvania case citing it. The exact quote from *Duncan* is that "[a]n intradistrict transfer is not required absent a strong showing of prejudice." 919 F.2d at 985. This is subtly different than the assertion that a defendant is required to make a strong showing of prejudice to permit transfer. While it is true that a defendant must make a strong showing of prejudice to have his or her conviction vacated for a district court's refusal to grant an intradistrict transfer, *see id.*, that is not the applicable standard here, especially where Barnes' motion will be granted. Rather, the plain text of Rule 18 imposes no "strong showing of prejudice," nor does any binding precedent that the Court has uncovered.

Supp. 1482, 1485 (D.V.I. 1984) (citing *U.S. v. Burns,* 662 F.2d 1378, 1382 (11th Cir. 1981)); *U.S. v. Addonizio*, 451 F.2d 49, 61-62 (3d Cir. 1971); *United States v. Balistrieri*, 778 F.2d 1226, 1229 (7th Cir. 1985) ("trial court has broad discretion in deciding where to fix the location of the trial which will not be overridden on appeal as long as the court gives 'due consideration' to the factors listed in Rule 18."); *see also Dupoint v. United States*, 388 F.2d 39 (5th Cir. 1967) (opining that the convenience of prosecution is an improper consideration).

### A. The 'convenience to the defendant' factor weighs in favor of transfer.

The first factor to be given due regard is the convenience of the defendant. Here, Barnes argues that both her and her attorney reside in St. Croix, as does Barnes' disabled son. ECF No. 265, at 2. Barnes argues that not only is a St. Croix trial more convenient based on her place of residence, but that holding a lengthy trial would disrupt her business, her son's well-being, and force her to incur substantial lodging expenses for herself, her son, and her attorney.

In response, the Government argues that Barnes fails to make a showing of strong prejudice because the Superseding Indictment (ECF No. 102) centers around travel taken by Barnes together with her son, that the medical records submitted for Barnes' son do not support the inference that temporary residence in a St. Thomas hotel would be disruptive to the child, and that the Government "is happy to pass along to defense counsel the names of local lodging options" to mitigate Barnes' inability to find suitable accommodations. ECF No. 272, at 9-10. The Government, however, appears to be misguided as to the relevant legal standard: Barnes here is not required to make a strong showing of prejudice. *See, supra,* text accompanying footnote 2. Rather, it is incumbent on the Court to give each Rule 18 factor

*U.S. v. Barnes, et al.*
Case No. 3:19-cr-0047
Memorandum Opinion
Page 5

due consideration and set the place of trial within the district accordingly. *See United States v. Stanko*, 528 F.3d 581, 584-85 (8th Cir. 2008) ("Nothing in Rule 18 places the burden on the defendant to establish the reason for the change of venue, rather Rule 18 mandates that district courts consider the factors of convenience to the defendant, convenience to the witnesses, and the prompt administration of justice when considering where trial should be held.").

The Court finds that Barnes' place of residence, parental responsibilities, and the location of her defense counsel each heavily indicate that St. Croix is the most convenient place for her, to hold her trial. If the trial were held on St. Thomas, Barnes would be presented with two options: commute daily from St. Croix to St. Thomas via airplane or stay in St. Thomas for the duration of her trial, which is expected to last several weeks. A daily interisland commute is not practical for a several week trial and would pose a potential disruption to the efficient administration of a jury trial if Barnes and her counsel are expected to be in court in St. Thomas for at least 8 hours on any given day. Moreover, Barnes is on pretrial release and would have to bear the cost of travel and hotel accommodations for herself, her attorney, and any witnesses she intends to present in her defense if the trial were to be held in St. Thomas, not to mention the need to provide suitable accommodations for her child, including lodging and childcare, away from home. Given the fact that Barnes has represented to the Court that the majority of her potential witnesses reside on St. Croix, holding her trial on St. Thomas would impose a significant financial burden on Barnes that is largely alleviated by transferring this matter to St. Croix. Therefore, this factor weighs in favor of transfer to St. Croix.

*U.S. v. Barnes, et al.*
Case No. 3:19-cr-0047
Memorandum Opinion
Page 6

**B. The 'convenience of any victim' prong weighs in favor of transfer.**

The next factor prescribed by Rule 18 concerns the convenience of any victim. Neither party directly argues this factor in their amended briefs, nor is it raised in their initial briefs. Here, the alleged victim is the Government of the Virgin Islands ("GVI"). More specifically, the allegations against Barnes concern the Virgin Islands Casino Control Commission ("VICCC")-an independent agency of the Government of the Virgin Islands,[3] and the Virgin Islands Bureau of Internal Revenue ("VIBIR"). While both GVI and VIBIR are each evenly present on both St. Thomas and St. Croix, the VICCC is exclusively located on St. Croix. While the Court is hard pressed to weigh a government entity's physical location in a test measuring convenience, this factor nevertheless weighs in favor of transfer insofar as the individual employees of the VICCC are necessarily located in St. Croix. Indeed, in its Opposition, the Government argues that it intends to present thirty-five witnesses, of which sixteen reside in St. Croix. Of those sixteen witnesses, twelve are identified as being employees of the VICCC. Because these twelve employees are testifying in their capacity as VICCC employees, and those twelve employees form the largest single bloc of potential witnesses,[4] the Court finds that the convenience-of-the-victims factor weighs in favor of holding this trial in St. Croix.

Moreover, the allegations regarding the theft of funds from the VICCC impacts a significant interest not only of the VICCC, but of the entities the VICCC is responsible for

---

[3] *See* 32 V.I.C. § 404 (stating that the Virgin Islands Casino Control Commissioner is an independent agency of the executive branch of the Government of the Virgin Islands).

[4] Sixteen witnesses reside in St. Croix, twelve of whom work for the CCC. Another seven witnesses reside in St. Thomas, nine reside in the United States mainland, and three reside in Puerto Rico. Thus, the plurality of witnesses are CCC employees residing in St. Croix.

regulating, specifically casinos. The Superseding Indictment mentions one in particular: "D.C.," which "was a casino operating in St. Croix, VI, and as such it was regulated by the Commission. In October 2015, under threat of closure, D.C. paid approximately $473,000 to the Commission for purported back licensing fees." ECF No. 102, at 3. The Superseding Indictment goes on to allege that Barnes' codefendant Violet Anne Golden ("Golden") "would and did use and cause to be used funds paid to the [VICCC] by D.C. for payment of back licensing fees to pay down Casino Commission credit cards used for Golden's personal benefit and the personal benefit of others." *Id.* at 20. Thus, the Court further finds that while only Golden is alleged to have directly stolen funds paid by D.C. to the VICCC, Barnes is accused of having illicitly benefitted from that theft, giving D.C. an interest in Barnes' trial analogous to a victim. The fact that D.C. is located on St. Croix therefore means that St. Croix is the more convenient location for Barnes' trial, as far as D.C. is concerned. For these reasons, the Court finds that the "convenience to any victims"' factor weighs in favor of transfer.

**C. The 'convenience to witnesses' factor weighs in favor of transfer.**

The third factor under Rule 18 concerns the convenience of a chosen place of trial to witnesses. In support, Barnes cites the Compulsory Process Clause of the Sixth Amendment for the premise that it "grants a defendant the right to offer the testimony of favorable witnesses and to compel their attendance at trial." ECF No. 265, at 4. She further argues that "[w]ithout access to these witnesses at trial, Dr. Barnes will be severely prejudiced in the presentation of her defense." *Id.* This argument is a red herring. The Sixth Amendment's Compulsory Process Clause merely guarantees that Barnes has the right to call witnesses in

her defense and, if necessary, compel their attendance through subpoena. *See, e.g., Washington v. Texas*, 388 U.S. 14, 18-19 (1967). The implication that this right extends to having trial in the place most convenient to those witnesses, to the exclusion of other relevant factors, is without merit.

In turn, the Government cites *Government of the Virgin Islands v. Scatliffe* in support of the proposition that the flight between St. Thomas and St. Croix "takes only 20 minutes and would not inconvenience witnesses for the purposes of Rule 18." ECF No. 272, at 8 (citing 580 F. Supp. 1482, 1485 (D.V.I. 1984)). The Court disagrees with this proposition. While the flight between St. Croix and St. Thomas may only be twenty minutes, it necessarily requires an advance arrival to the airport, in addition to driving to and from the respective departure and arrival airports. All told, the commute between islands requires a minimum of roughly seventy-five minutes.[5] More importantly, however, the Government fails to note that *Scatliffe* found the inter-island flight would not inconvenience witnesses in holding that the Court did not abuse its discretion by transferring proceedings from St. Croix to St. Thomas. 580 F. Supp. at 1485. *Scatliffe* hardly supports the Government's position, and any witnesses located on St. Thomas would similarly not be inconvenienced by flying to St. Croix.

Of course, the inverse is true as well – interisland travel from either division to the other would not be materially inconvenient to any individual witness. However, both parties concede that the majority of local witnesses are located on St. Croix rather than St. Thomas. ECF No. 265, at 1-2; ECF No. 272-1 (SEALED). Indeed, sixteen potential witnesses reside in St. Croix, while only seven reside on St. Thomas. ECF No. 272-1 (SEALED). So, any

---

[5] Pursuant to Fed. R. Evid. 201(b)(1), the Court takes judicial notice of this fact.

inconvenience which may amount from flying between the two divisions weighs in the aggregate, more than doubly so, in favor of holding the Barnes' trial in St. Croix.

The final consideration here is regarding witnesses to be flown from outside the territory altogether. Of this category of witnesses, nine reside in the mainland United States, and another three reside in Puerto Rico. Consideration of these witnesses' conveniences weigh neutrally, as flights from the mainland United States and Puerto Rico are required whether the trial is held in St. Croix or St. Thomas. The Court, therefore, finds that the plurality of potential witnesses reside in St. Croix, and that the only witnesses that would conceivably be inconvenienced by holding the trial in St. Croix instead of St. Thomas would be the seven St. Thomas witnesses. These seven witnesses do not outweigh the sixteen witnesses residing on St. Croix. Thus, the Court concludes that the convenience-of-witnesses factor weighs in favor of this trial being held in St. Croix.

**D. The 'prompt administration of justice' factor weighs neutrally.**

Here, the Government's sole point is that the judge presiding over St. Croix cases has numerous cases scheduled for trial on St. Croix, and that there is no reason to believe that that judicial officer would be able to preside over the instant trial any sooner than it would be held on St. Thomas. While this could be true, this argument is based on a flawed premise. If the trial in this matter is transferred to St. Croix, it would not be held before Chief Judge Lewis, but rather the undersigned would continue to preside. *See* 28 U.S.C. § 141(a) (stating that "Special sessions of the district court may be held at such places in the district as the nature of the business may require, and upon such notice as the court orders" and "[a]ny business may be transacted at a special session which might be transacted at a regular

session."); *see also United States v. Tomaiolo*, 249 F.2d 683, 693 (2d Cir. 1957) ("Under 28 U.S.C.A. § 141 the Court is given wide discretion to move the place of trial to such places in the district 'as the nature of the business may require.' If the Court finds, upon proper application, that it is in the interest of justice to move the trial in order to take testimony which is relevant to the issues, that is sufficient."). Thus, if this case is transferred to the St. Croix Division, it does not necessarily follow that the case must be transferred to the judicial officer sitting in that division. The undersigned will continue to preside over this case.

The Government further argues that the St. Croix docket would preclude the prompt administration of justice in this matter. On the St. Croix calendar, fourteen criminal trials are scheduled between now and May 24, 2021. Of these, seven are older than Barnes' case. Comparatively, twenty-two criminal trials are scheduled between now and the same date on St. Thomas, with only four being older than Barnes' case. While more cases are scheduled in St. Thomas over this timeframe, the undersigned is only capable of presiding over one trial at a time. So regardless of where this trial is held, it would preclude any other St. Thomas trials from going forward concurrently.

In reviewing the Court's docket, the Court does not find that efficient Court administration would suffer if the trial were to be held in St. Croix. As mentioned above, the undersigned would continue to preside over this case, and thus, there would be no impact on the cases scheduled for trial in St. Croix for the same time period.

The Government is correct insofar as it notes that there is no reason to believe that this trial would take place sooner on St. Croix than St. Thomas, but neither is there any reason

*U.S. v. Barnes, et al.*
Case No. 3:19-cr-0047
Memorandum Opinion
Page 11

to believe that a St. Thomas trial would occur sooner where the only limiting factor relevant to either location is the undersigned's availability. Therefore, this factor weighs neutrally.

### III.   CONCLUSION

The Court finds that the convenience to Barnes, to any victim, and to witnesses each weigh in favor of transferring Barnes' trial to St. Croix, while the factor regarding the prompt administration of justice weighs neutrally. These factors therefore cumulatively weigh in favor of transfer. An appropriate Order follows.

**DATED:** March 31, 2021                                         */s/ Robert A. Molloy*
                                                                                    Robert A. Molloy
                                                                                    District Judge