# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:19-cr-0047 |
| ) | |
| **STEPHANIE BARNES,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is Defendant Stephanie Barnes' ("Barnes") Motion for Recusal/Disqualification, filed on June 1, 2022. (ECF No. 418.) The United States (the "Government") filed an opposition on June 14, 2022. (ECF No. 423.) For the reasons set forth herein, the Court will deny the motion.

In her motion, Barnes moves for the undersigned's recusal from any further proceedings in this case pursuant to both 28 U.S.C. § 144 and 28 U.S.C. § 455(a). The Court will first turn to section 144, which states in its entirety:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. A plain reading of the statute presents several requirements for a movant under section 144. First, the movant must file an affidavit. *Id.* Second, the affidavit must be accompanied by a certificate from the movant's counsel of record stating that it is made in good faith. *Id.* Third, any such filing must be timely, defined as "not less than ten days before the beginning of the term at which the proceeding is to be heard," but this requirement may be waived upon good cause shown. *Id.*

Case law presents additional restrictions for a movant under section 144. Most importantly, the Third Circuit has expressly held that the District Court of the Virgin Islands is not included "within the scope of § 144." *Gov't of Virgin Islands v. Gereau*, 502 F.2d 914, 931 (3d Cir. 1974) *abrogated on other grounds by Corley v. United States*, 556 U.S. 303 (2009) (addressing the relevant test for the admissibility of confessions). The Court finds that Congress' intent to exclude the District Court of the Virgin Islands from the scope of section 144 is further evinced by Chapter 21 of Title 28, wherein Congress expressly extended the applicability of 28 U.S.C. § 455 ". . . to each court created by Act of Congress in a territory which is invested with any jurisdiction of a district court of the United States, and to the judges thereof," 28 U.S.C. § 460(a), but chose to make no such statement regarding section 144.

Thus, section 144 is inapplicable to the District Court of the Virgin Islands, and its standard has no bearing on Barnes' motion for recusal. Even if section 144 did apply, Barnes' motion is insufficient under that statute on other grounds. Barnes' counsel made no certification that the motion was made in good faith, which is an express requirement of this statute. "Counsel's failure to make this certification is grounds for denying the motion." *United States v. Miller*, 355 F. Supp. 2d 404, 406 (D.D.C. 2005). Accordingly, the failure of Barnes' counsel to certify that her motion was made in good faith constitutes a second, independent basis for denial.

Moreover, Barnes' eighteen-page statement is not, contrary to her representations, an affidavit. Barnes' filing is neither notarized, nor is it declared under penalty of perjury in any form resembling that required by 28 U.S.C. § 1746. *See generally* ECF No. 418-1. Absent any certification that the contents of her statement are true *under penalty of perjury*, the Court is unable to give weight to Barnes' allegations. Simply, if Barnes is unwilling to attest to the truthfulness of her statement in any meaningful way, the Court will not give her the benefit of presuming the statement's truthfulness. An unsworn, unnotarized statement not made under penalty of perjury has no evidentiary value. *See United States v. Townsend*, 478 F.2d 1072, 1073 (3d Cir.1973) ("it is the responsibility of the district judge against whom an affidavit is filed to assess the legal sufficiency of the affidavit."); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) (disregarding an unsworn affidavit as "incompetent to raise a fact issue precluding summary judgment" because "it allows the affiant to circumvent the penalties for perjury in signing onto intentional falsehoods."); *see also Kamuck v. Shell Energy Holdings GP, LLC.*, 2015 WL 1345235, at *7

(M.D. Pa. Mar. 25, 2015) ("However, a cursory review of these documents revealed that none of them are affidavits executed under penalty of perjury, a fact which rendered the documents worthless from an evidentiary stand point. . . ."); *Kulp v. Duran*, 2010 WL 1390839, at *13 (M.D. Pa. Mar. 31, 2010); *Platt v. Freedom Mortg. Corp.*, 2010 WL 4810652, at *4 (D.N.J. Nov. 16, 2010).

The Court now turns to Barnes' allegations under section 455(a). This section states, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Unlike section 144, Congress has expressly extended the application of section 455 to the District Court of the Virgin Islands. *See* 28 U.S.C. § 460.

The test for recusal under section 455 is well established: the Court applies an objective standard and determines whether a reasonable person with knowledge of all the facts and circumstances surrounding the case would question the judge's impartiality. *See, e.g., Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 541 U.S. 913, 924 (2004) ("It is well established that the recusal inquiry must be made from the perspective of a *reasonable* observer who is *informed of all the surrounding facts and circumstances.*" (internal quotations and citations omitted) (emphasis in original)); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860-61 (1988); *Edelstein v. Wilentz*, 812 F.2d 128, 131 (3d Cir. 1987) ("a judge should recuse himself where a reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." (internal quotations and citations omitted)).

Importantly, section 455 "does not call upon judges to perform the impossible – to disqualify themselves based on facts they do not know." *Liljeberg*, 486 U.S. at 861. Here, Barnes' allegations are not asserted as fact at all but rather in the form of an unsworn statement carrying no evidentiary weight as discussed *supra*. To the contrary, the allegations are an amalgam of speculation and innuendo, based on layers upon layers of gossip. Gossip that, notably, has been expressly and publicly disavowed by the alleged declarant. *See* ECF No. 422, at 9 (quoting an article from the Virgin Islands Consortium). Moreover, Barnes' allegations are riddled with outright falsehoods including, but not limited to, the assertion that a woman entirely unrelated by blood to the undersigned is, in fact, his mother.[1]

---

[1] Defendant Barnes makes the unfounded assertions, both in her statement and in her motion, that the undersigned and an individual who she believes to be the undersigned's mother is a close personal friend of co-Defendant Violet Ann Golden. The Court fully disclosed the extent and nature of his knowledge of co-defendant Golden during a pretrial

Relying on the United States Supreme Court, "requiring disqualification based on facts the judge does not know would of course be absurd; a judge could never be expected to disqualify himself based on some fact he does not know. . . ." *Liljeberg*, 486 U.S. at 861. This is why "[d]iscretion is confided in the district judge in the first instance to determine whether to disqualify himself because the judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion." *In re Kensington Int'l Ltd.*, 353 F.3d 211, 224 (3d Cir. 2003) (internal quotations and citations omitted.). The undersigned does not know Barnes' allegations to be true. To the contrary, the undersigned knows the lion's share of Barnes' allegations to be false and has no knowledge as to the balance. Moreover, Barnes' assertions are easily disproven by a cursory review of the record in this case, such as the assertions that the undersigned "positioned himself" to preside over this case in St. Croix, ECF No. 418-1, at 12, despite Barnes herself moving for the change of venue, ECF No. 265, that the undersigned quashed the subpoena of Governor Albert Bryan for some nefarious reason other than improper service, ECF No. 418-1, at 4-8, or that the undersigned engaged in "outrageous behavioral manipulation" of the jury by feeding them lunch, *id.* at 14. The Court will not lend the nearly 20 pages of allegations the credibility of addressing them point by point. *See Grand Ent. Grp., Ltd. v. Arazy*, 676 F. Supp. 616, 619 (E.D. Pa. 1987) (Denying recusal without addressing movant's allegations point by point where the allegations are "characterized as nothing more than vague gossip or conclusions and quickly disregarded."). Even if Barnes' statement was, in fact, an affidavit, it offers no factual basis sufficient to require recusal.

Barnes offers one final basis for recusal in her motion, arguing:

> [r]ecusal is also required where (1) defendant or counsel's contumacious conduct so provokes a judge that the judge becomes personally embroiled in the controversy, (2) there is a likelihood of bias or appearance of bias such that the judge is unable to maintain the balance between vindicating the interests of the court and the interests of the accused, or (3) defendant or counsel's conduct involves an insulting attack on the integrity of the judge.

---

conference on December 16, 2020. The defense took no action based on that disclosure. Moreover, contrary to Defendant Barnes' assertions, the undersigned is not close personal friends, or even personal acquaintances, with the witness Raquel Concepcion. Because no other "friendships" were raised in Barnes' motion, the Court will not address each allegation point by point. *See infra.*, pg. 4.

ECF No. 418, at 3 (citing *In re Jafree*, 741 F.2d 133, 137 (7th Cir. 1984)). Barnes asserts that "[i]n *Jafree*, the defendant in a contempt proceeding against the Chief Judge of the Northern District of Illinois and other judges of corruption, drunkenness, and taking bribes. Appellant's motion for recusal was found to be proper." *Id.* While a technically accurate summation of *Jafree*, Barnes omits an important detail from her analysis. *Jafree* does not deal with a motion for recusal under section 455. Rather, the language and result cited by Barnes stand only for the premise that in a prosecution for criminal contempt, "[i]f the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the trial or hearing except with the defendant's consent." *Jafree*, 741 F.2d at 137 (quoting Fed. R. Crim. P. 42(b)). Here, neither Barnes nor her attorney have been held in criminal contempt and no such prosecution has been initiated. Therefore, the caselaw Barnes cites has no bearing on the instant matter.

In sum, Barnes' motion under section 144 fails primarily because section 144 does not apply to the District Court of the Virgin Islands. Moreover, her motion is procedurally deficient under section 144 in that it neither contains a certification of counsel nor an actual affidavit. Barnes' motion under section 455(a) fails because, absent an affidavit, Barnes puts no facts before the Court. Even considering the assertions presented by Barnes, the Court finds that they range from speculation unknown to the undersigned to outright falsehoods. Thus, the Court finds that no reasonable person aware of all of the facts and circumstances surrounding this case would question the undersigned's impartiality. Lastly, the Court finds that because there has been no prosecution for criminal contempt initiated at this time, Barnes' motion, insofar as it relies on *Jafree*, fails as well.

Accordingly, it is hereby

**ORDERED** that Barnes' motion for recusal/disqualification, ECF No. 418, is **DENIED**; it is further

**ORDERED** that the sentencing and post-trial motion hearing in this matter is **SCHEDULED** to commence promptly at 9:00 A.M. on August 8, 2022, in St. Croix Courtroom 1 before Chief Judge Robert A. Molloy; and it is further

**ORDERED** that the parties shall file their sentencing memoranda no later than August 1, 2022.

**Dated:** June 22, 2022                  */s/ Robert A. Molloy*
                                          **ROBERT A. MOLLOY**
                                          **Chief Judge**